# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### DISTRICT OF KANSAS

TIMOTHY M. O'BRIEN
CLERK

INGRID CAMPBELL
CHIEF DEPUTY CLERK

259 U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS  66101
(913) 735-2200

204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS  67202
(316) 315-4200

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS  66683
(785) 338-5400

Kansas City, Kansas

April 16, 2014

Clerk, United States Court of Appeals
for the Federal Circuit
National Courts Building
717 Madison Place, NW
Washington, DC 20439


Re:  Digital Ally, Inc.          v. Utility Associates, Inc.
     District Court Case Number: 2:13-CV-2250 SAC/KGS
     Notice of Appeal filed on: April 16, 2014

          __X__ Fee paid          _____ Not paid
          _____ Forma pauperis   _____ US Appeal


Dear Clerk:

Enclosed are the following documents in connection with the
Notice of Appeal filed by the ___plaintiff, Digital Ally, Inc.___
_____ in the above referenced case, which
shall constitute the preliminary record on appeal:

     __X__     Copy of the district court docket entries.

     __X__     Copy of the Notice of Appeal

     __X__     Copy of the district court's final judgment from
               which the appeal is taken, filed ___4/9/14___.

     __X__     Circuit Appeal Information Sheet

Please advise this office of any further requirements in the above captioned appeal.

Sincerely,

TIMOTHY M. O'BRIEN, CLERK

By s/K. O'Keefe
Deputy Clerk

Enclosures

District Code    -    1083
Office Code      -       2
Judge Code       -    8313
Jurisdiction     -       3
Court reporter   -

# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### DISTRICT OF KANSAS

TIMOTHY M. O'BRIEN
CLERK

INGRID CAMBELL
CHIEF DEPUTY CLERK

259 U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS 66101
(913) 735-2200

204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS 67202
(316) 315-4200

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS 66683
(785) 338-5400

## Kansas City, Kansas

### April 16, 2014

TO: (See Distribution List on page 2)

Re:  Digital Ally, Inc.           v. Utility Associates, Inc.
     District Court Case Number: 2:13-CV-2250 SAC/KGS
     Notice of Appeal filed on: April 16, 2014

Dear Counsel:

Enclosed are the following documents in connection with the
Notice of Appeal filed by the ___plaintiff, Digital Ally, Inc.___
_____, in the above referenced case:

    1.  Copy of the Notice of Appeal;
    2.  Copy of the Docket Sheet;
    3.  Transcript Purchase Order Form (for appellant only);
    4.  Circuit Appeal Information Sheet

If you have any questions, please contact the office of the Clerk
of the U.S. Court of Appeals for the Federal Circuit in
Washington, DC, 202-633-9614.

                          Sincerely,

                          TIMOTHY M. O'BRIEN, CLERK


                          By s/K. O'Keefe_____
                             Deputy Clerk


Enclosures

cc: Clerk, U.S. Court of Appeals
    for Federal Circuit
    File

Distribution List:

Adam P. Seitz
Erise IP, PA
6201 College Blvd., Suite 300
Overland Park, KS 66211
913-777-5600
Fax: 913-777-5601
Email: adam.seitz@eriseip.com

Eric A. Buresh
Erise IP, PA
6201 College Blvd., Suite 300
Overland Park, KS 66211
913-777-5600
Fax: 913-777-5601
Email: eric.buresh@eriseip.com

Aaron E. Hankel
Shook, Hardy & Bacon LLP -
KC/Grand
2555 Grand Boulevard
Kansas City, MO 64108-2613
816-474-6550 x 12009
Fax: 816-421-5547
Email: ahankel@shb.com

David S. Moreland
Meunier Carlin & Curfman, LLC
817 W. Peachtree Street, Suite 500
Atlanta, GA 30308
404-645-7700
Fax: 404-645-7707
Email: dmoreland@mcciplaw.com

John D. Garretson
Shook, Hardy & Bacon LLP -
KC/Grand
2555 Grand Boulevard
Kansas City, MO 64108-2613
816-474-6550 x 12025
Email: jgarretson@shb.com

Stephen M. Schaetzel
Meunier Carlin & Cullman, LLC
817 W. Peachtree Street, Suite 500
Atlanta, GA 30308
404-645-7700
Fax: 404-645-7707
Email: sschaetzel@mcciplaw.com

FORM 7.   Appeal Information Sheet

# FEDERAL CIRCUIT APPEAL INFORMATION SHEET

____✓____    United States District Court for the _____District of Kansas_____

_____    United States Court of International Trade

_____    United States Court of Federal Claims

_____    United States Court of Appeals for Veterans Claims

Type of case: _____Patent Infringement_____

_____Digital Ally, Inc._____    v.    _____Utility Associates, Inc._____

(List all parties.  Use an asterisk to indicate dismissed or withdrawn parties.  Use a separate sheet if needed.  Explain any discrepancy with the caption used on the judgment, order, or opinion.)

Docket No. ___13-2550 SAC___    Date of Judgment or Order _____4/9/14_____

Cross or related appeal? ____N/A____    Date of Notice of Appeal _____4/16/14_____

Appellant is:  __✓__ Plaintiff  _____Defendant  _____Other (explain)_____

FEES:   Court of Appeals docket fee paid?    __✓__Yes    _____No

U.S. Appeal?    _____Yes    __✓__No

In forma pauperis?    _____Yes    __✓__No

Is this matter under seal?    _____Yes    __✓__No

COUNSEL: (List name, firm, address, and telephone of lead counsel for each party.  Indicate party represented.  Use separate sheet if needed.)

See Previous Page/Docket Sheet

COURT REPORTER: (Name and telephone): _____

IMPORTANT: Attach a copy of the judgment or order appealed from and any supporting opinion or memorandum.  Forward together with a copy of the notice of appeal and certified docket entries.

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC  20439

**Form 22**

### FORM 22.  Transcript Purchase Order

# United States Court of Appeals for the Federal Circuit

) Appeal from ❏ U.S. District Court for _____
❏ Court of International Trade
❏ Court of Federal Claims

—VERSUS— ) TRIAL COURT NO. _____
) CIRCUIT COURT NO. _____

TRANSCRIPT PURCHASE ORDER
(See Rules 10(b) and 11(b) of the Federal Rules of Appellate Procedure)

PART I -   TO BE COMPLETED BY THE APPELLANT WITHIN 10 DAYS OF FILING OF NOTICE OF APPEAL.
When filing this form, distribute copies as follows: 3 copies to the court reporter; 1 copy to the Trial
Court; 1 copy to the appellee; 1 copy retained by appellant.

A. Complete one of the following:
(_____) A transcripts is not needed for the appeal
(_____) A transcript is already on file
(_____) Request is hereby made to the reporter for a transcript of the following proceedings (give particu-
lars):

Note: voir dire and closing arguments are not prepared unless specifically requested.

Note: Unless the entire transcript is ordered, appellant must attach a statement of the issues to Copies 4 and 5.

B. I certify that financial arrangements have been made with the reporter. Payment is by:
(_____) Private Funds
(_____) Government expense (civil case). A motion for transcript has been submitted to the trial judge.

SIGNED _____ DATE _____ COUNSEL FOR _____
ADDRESS _____
TELEPHONE _____

PART II -  TO BE COMPLETED BY THE COURT REPORTER
2 copies retained by the reporter; 1 copy to be transmitted to the Court of Appeals on same date transcript
order is received.
Date Purchase Order received: _____
Estimated completion date: _____
Estimated number of pages: _____
I certify that satisfactory financial arrangements have/have not (strike one) been completed with appellant for payment of the
cost of the transcript.

_____
Signature and Date
Telephone _____

PART III - NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN THE TRIAL COURT.
(To be completed by court reporter on date of filing transcript in Trial Court and this notification must be
forwarded to Court of Appeals on the same date.)
This is to certify that the transcript has been completed. _____ volumes of transcript have been filed with the Trial Court
today.

_____ _____
Date Signature

APPEAL,SA

# U.S. District Court
# DISTRICT OF KANSAS (Kansas City)
# CIVIL DOCKET FOR CASE #: 2:13–cv–02550–SAC–KGS

Digital Ally, Inc. v. Utility Associates, Inc.
Assigned to: District Judge Sam A. Crow
Referred to: Magistrate Judge K. Gary Sebelius
Cause: 35:271 Patent Infringement

Date Filed: 10/25/2013
Date Terminated: 04/09/2014
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Digital Ally, Inc.**
*a Nevada corporation*

represented by **Adam P. Seitz**
Erise IP, PA
6201 College Blvd., Suite 300
Overland Park, KS 66211
913–777–5600
Fax: 913–777–5601
Email: adam.seitz@eriseip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric A. Buresh**
Erise IP, PA
6201 College Blvd., Suite 300
Overland Park, KS 66211
913–777–5600
Fax: 913–777–5601
Email: eric.buresh@eriseip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**Utility Associates, Inc.**
*a Georgia company*

represented by **Aaron E. Hankel**
Shook, Hardy & Bacon LLP – KC/Grand
2555 Grand Boulevard
Kansas City, MO 64108–2613
816–474–6550 x 12009
Fax: 816–421–5547
Email: ahankel@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: WDMO Active*

**David S. Moreland**

Meunier Carlin & Curfman, LLC
817 W. Peachtree Street, Suite 500
Atlanta, GA 30308
404–645–7700
Fax: 404–645–7707
Email: dmoreland@mcciplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**John D. Garretson**
Shook, Hardy & Bacon LLP – KC/Grand
2555 Grand Boulevard
Kansas City, MO 64108–2613
816–474–6550 x 12025
Email: jgarretson@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: WDMO Active*

**Stephen M. Schaetzel**
Meunier Carlin & Cullman, LLC
817 W. Peachtree Street, Suite 500
Atlanta, GA 30308
404–645–7700
Fax: 404–645–7707
Email: sschaetzel@mcciplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/25/2013 | 1 | | COMPLAINT (Summons Issued) with trial location of Kansas City, filed by Digital Ally, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (ta) (Entered: 10/28/2013) |
| 10/25/2013 | 2 | | CIVIL COVER SHEET re 1 Complaint by Plaintiff Digital Ally, Inc. (ta) (Entered: 10/28/2013) |
| 10/25/2013 | | | SUMMONS ISSUED as to Utility Associates, Inc. Summons issued and emailed to Plaintiff's Attorney for service. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ta) (Entered: 10/28/2013) |
| 10/25/2013 | 3 | | AO FORM 120: REPORT on the Filing or Determination of an Action Regarding a Patent or Trademark. (ta) (Entered: 10/28/2013) |
| 10/28/2013 | | | FILING FEE PAID: in the amount of $400.00, receipt number K4631040863. (ta) (Entered: 10/28/2013) |

| 01/07/2014 | 4 | | SUMMONS RETURNED EXECUTED – Personal Service by Digital Ally, Inc. upon Utility Associates, Inc. Served on 1/2/2014 and answer due 1/23/2014. (Seitz, Adam) (Entered: 01/07/2014) |
|---|---|---|---|
| 01/23/2014 | 5 | | SEALED MOTION for Leave to File Under Seal *Blair Declaration (and Accompanying Exhibits) in Support of Motion to Dismiss* by Defendant Utility Associates, Inc. (Attachments: # 1 Declaration Jason Blair, # 2 Exhibit A, # 3 Exhibit B(Garretson, John) (Entered: 01/23/2014) |
| 01/23/2014 | 6 | | MOTION to Dismiss *Declaratory Judgment Complaint* by Defendant Utility Associates, Inc. (Attachments: # 1 Declaration Jason Blair (filed separately under seal), # 2 Exhibit A Jason Blair (filed separately under seal), # 3 Exhibit B Jason Blair (filed separately under seal))(Garretson, John) (Entered: 01/23/2014) |
| 01/24/2014 | 7 | | CORPORATE DISCLOSURE STATEMENT by Utility Associates, Inc. identifying (none) as corporate parent (Garretson, John) (Entered: 01/24/2014) |
| 01/28/2014 | 8 | | MOTION for attorney David S. Moreland to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number 1083–2964079.) by Defendant Utility Associates, Inc. (Attachments: # 1 Affidavit, # 2 ECF Registration Form)(Garretson, John) (Entered: 01/28/2014) |
| 01/28/2014 | 9 | | MOTION for attorney Stephen M. Schaetzel to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number 1083–2964111.) by Defendant Utility Associates, Inc. (Attachments: # 1 Affidavit, # 2 ECF Registration Form)(Garretson, John) (Entered: 01/28/2014) |
| 01/28/2014 | 10 | | ORDER granting 8 , 9 motions for leave to appear pro hac vice. Having considered the motions for leave to appear pro hac vice and the affidavits in support, for good cause shown, the court finds said motions should be granted and Stephen M. Schaetzel and David S. Moreland should be and hereby are admitted to practice in the United States District Court for the District of Kansas for purposes of this case only. If phv counsel have not already registered for electronic notification, you must register pursuant to the court's Administrative Procedures. Complete a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by Magistrate Judge K. Gary Sebelius on 1/28/2014. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mrb) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mrb) (Entered: 01/28/2014) |
| 02/07/2014 | 11 | | ORDER granting 5 Motion for Leave to File Under Seal. Counsel directed to file forthwith requested document(s) with an event from the SEALED DOCUMENTS category. The clerk shall grant access to sealed document(s) to counsel of record. Pro hac vice attorneys must obtain sealed document(s) from local counsel. Signed by District Judge Sam A. Crow on 2/7/2014. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mb) (Entered: 02/07/2014) |
| 02/10/2014 | 12 | | SEALED AFFIDAVIT of Jason Blair re 6 MOTION to Dismiss *Declaratory Judgment Complaint* by Defendant Utility Associates, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Garretson, John) (Entered: 02/10/2014) |
| 02/13/2014 | 13 | | |

| | | |
|---|---|---|
| | | Unopposed SEALED MOTION for Leave to File Under Seal by Plaintiff Digital Ally, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Seitz, Adam) (Entered: 02/13/2014) |
| 02/18/2014 | 14 | MEMORANDUM AND ORDER granting in part and denying in part 13 Motion for Leave to File Under Seal. SEE ORDER FOR DETAILS. Signed by U.S. District Senior Judge Sam A. Crow on 2/18/14. (mb) (Entered: 02/18/2014) |
| 02/19/2014 | 15 | SEALED RESPONSE by Plaintiff Digital Ally, Inc. re 6 MOTION to Dismiss *Declaratory Judgment Complaint* (Attachments: # 1 Declaration Heckman Declaration in Support, # 2 Exhibit A to Heckman, # 3 Exhibit B to Heckman, # 4 Exhibit C to Heckman, # 5 Exhibit D to Heckman, # 6 Exhibit E to Heckman, # 7 Exhibit F to Heckman, # 8 Exhibit G to Heckman, # 9 Exhibit H to Heckman, # 10 Exhibit I to Heckman, # 11 Exhibit J to Heckman, # 12 Exhibit K to Heckman, # 13 Exhibit L to Heckman, # 14 Exhibit M to Heckman, # 15 Declaration Additional Declaration in Support, # 16 Exhibit A to Addtional Declaration in Support)(Seitz, Adam) (Entered: 02/19/2014) |
| 02/20/2014 | 16 | CORPORATE DISCLOSURE STATEMENT by Digital Ally, Inc. identifying None as corporate parent . (Seitz, Adam) (Entered: 02/20/2014) |
| 02/21/2014 | 17 | NOTICE of Correction by Digital Ally, Inc. re 15 SEALED Response to Motion,, (Seitz, Adam) (Entered: 02/21/2014) |
| 02/21/2014 | 18 | SEALED RESPONSE by Plaintiff Digital Ally, Inc. re 6 MOTION to Dismiss *Declaratory Judgment Complaint Corrected Response and Heckman Declaration in support* (Attachments: # 1 Declaration Corrected Heckman Declaration, # 2 Exhibit A to Heckman, # 3 Exhibit B to Heckman, # 4 Exhibit C to Heckman, # 5 Exhibit D to Heckman, # 6 Exhibit E to Heckman, # 7 Exhibit F to Heckman, # 8 Exhibit G to Heckman, # 9 Exhibit H to Heckman, # 10 Exhibit I to Heckman, # 11 Exhibit J to Heckman, # 12 Exhibit K to Heckman, # 13 Exhibit L to Heckman, # 14 Exhibit M to Heckman, # 15 Declaration Additional Declaration in Support, # 16 Exhibit A to Additional Declaration in Support)(Seitz, Adam) (Entered: 02/21/2014) |
| 02/21/2014 | 19 | RESPONSE by Plaintiff Digital Ally, Inc. re 6 MOTION to Dismiss *Declaratory Judgment Complaint (Redacted Corrected Response)* (Seitz, Adam) (Entered: 02/21/2014) |
| 02/25/2014 | 20 | Unopposed MOTION for Extension of Time to File Reply as to 6 MOTION to Dismiss *Declaratory Judgment Complaint* by Defendant Utility Associates, Inc.(Garretson, John) (Entered: 02/25/2014) |
| 02/26/2014 | 21 | ORDER granting 20 Motion for Extension of Time to File Reply to 6 MOTION to Dismiss *Declaratory Judgment Complaint.* Reply deadline 3/6/2014. Entered by U.S. District Senior Judge Sam A. Crow on 2/26/14. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mb) (Entered: 02/26/2014) |
| 02/28/2014 | 22 | ENTRY OF APPEARANCE by Aaron E. Hankel on behalf of Utility Associates, Inc. (Hankel, Aaron) (Entered: 02/28/2014) |
| 03/06/2014 | 23 | REPLY to Response to Motion by Defendant Utility Associates, Inc. re: 6 MOTION to Dismiss *Declaratory Judgment Complaint* (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Exhibit 1, # 2 Declaration Blair (2nd))(Garretson, John) (Entered: 03/06/2014) |
| 03/13/2014 | 24 | | NOTICE of Supplemental Authority by Digital Ally, Inc. re 6 MOTION to Dismiss *Declaratory Judgment Complaint* (Attachments: # 1 Exhibit A)(Seitz, Adam) (Entered: 03/13/2014) |
| 03/20/2014 | 25 | | RESPONSE to 24 Notice (Other) *Notice of Supplemental Authority* by Defendant Utility Associates, Inc.. (Garretson, John) (Entered: 03/20/2014) |
| 03/26/2014 | 26 | | NOTICE of Letter to Court RE Pertinent Supplemental Authority by Digital Ally, Inc. re 18 SEALED Response to Motion,, (Seitz, Adam) (Entered: 03/26/2014) |
| 04/09/2014 | 27 | 6 | MEMORANDUM AND ORDER granting 6 Motion to Dismiss based on lack of personal jurisdiction. Signed by U.S. District Senior Judge Sam A. Crow on 4/9/14. (mb) (Entered: 04/09/2014) |
| 04/09/2014 | 28 | 18 | JUDGMENT ENTERED: Defendant's motion to dismiss (Doc. 6) is granted based on lack of personal jurisdiction. Signed by Deputy Clerk on 4/9/14. (mb) (Entered: 04/09/2014) |
| 04/16/2014 | 29 | 19 | NOTICE OF APPEAL by Plaintiff Digital Ally, Inc.. Filing fee $ 505, Internet Payment Receipt Number 1083–3041213. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Seitz, Adam) (Entered: 04/16/2014) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

       Plaintiff,

       v.                            No. 13-2550-SAC

UTILITY ASSOCIATES, INC.,

       Defendant.

MEMORANDUM AND ORDER

     This declaratory judgment action relating to patent infringement comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction. Plaintiff opposes the motion. The Court has reviewed the parties' submissions, including Plaintiff's notice of supplemental authority and Defendant's response to it, and is prepared to rule.

## I. Facts

     Plaintiff is a Nevada corporation with its principal place of business in Kansas. Plaintiff sells advanced digital video systems to consumers, including law enforcement agencies, across the country. Plaintiff's products are designed for law enforcement vehicles and commercial fleets, such as ambulances and taxis. Defendant, incorporated in Delaware and having its principal place of business in Georgia, is a competitor of Plaintiff's. Defendant has no offices in Kansas and none of its employees or sales

agents reside here. Defendant is not registered to do business in Kansas, but sells some products to a few customers in Kansas.

U.S. Patent No. 6,831,556 (the '556 Patent), titled "Composite Mobile Digital Information System," was originally issued in December of 2004. It has been assigned 13 times, most recently to the Defendant. The claims of this Patent relate generally to a surveillance system for the storage and transmission of digital data.

Since March of 2006 Plaintiff has been selling products which use technology similar to that used in Defendant's products covered by the '556 Patent. When the '556 Patent was owned by Defendant's predecessor-in-interest, Plaintiff met with that owner to discuss Plaintiff's technology and possible joint ventures and/or acquisitions. Based on that predecessor's knowledge of Plaintiff's technology and its silence regarding any infringement, Plaintiff believed that the '556 Patent would not be asserted against its products so continued to manufacture and promote them through its nationwide sales and distribution channels.

Before Defendant was assigned the '556 Patent, the following contacts were made in Kansas regarding a potential joint business relationship between the parties:

- In November 2010, Defendant's president faxed a signed mutual non-disclosure agreement to Plaintiff's headquarters in Kansas.

- In April 2011, Defendant sent multiple emails to Plaintiff detailing the results of tests to integrate Defendant's product with Plaintiff's product.

- In August 2011, Defendant called Plaintiff to say that it had finished integrating the two products.

- In early September 2011, Defendant's new President sent multiple emails to Plaintiff explaining why it should resell Defendant's products as part of Plaintiff's mobile video surveillance systems.

- In September 2011, Defendant sent to Plaintiff a formal Letter of Understanding signed by Defendant's President.

- In October and November of 2011, Defendant sent sales quotes to Plaintiff for Plaintiff to use in sales pitches to two of its customers or potential customers.

- In October 2011, Defendant sent Plaintiff an email requesting a meeting in Kansas to discuss the business relationship.

- In November of 2011, two of Defendant's representatives came to Kansas and met with Plaintiff to discuss a potential joint business relationship between the parties. During this meeting, Defendant's employees gave a sales and technical presentation to Plaintiff's employees in Kansas. The meeting lasted less than 10 minutes, was unproductive, did not involve any discussion of

3

patent infringement or the '556 Patent, and did not result in any

business relationship between the parties. Shortly after that

visit, the parties ceased discussions regarding any potential joint

business relationship.

Defendant acquired the '556 Patent in June of 2013. On and after

October 14, 2013, Defendant's Chairman and CEO, a non-lawyer, sent

letters to some of its potential customers, some of whom were Plaintiff's

customers located outside Kansas. Those letters were substantially similar to

the following:

> Utility Associates, Inc. ("Utility") is the owner of Boykin United
> States Patent No. 6,831,556 (the "Boykin patent") (attached). The
> Boykin patent relates to mobile video surveillance systems and
> methods. Utility has successfully manufactured and sold a mobile
> video surveillance system that is covered by the Boykin patent.
> Consequently, the Boykin patent has enjoyed a high degree of
> commercial success, and a major mobile video surveillance system
> provider has already paid for a license under the Boykin patent.
>
> As your office considers the purchase of mobile video
> surveillance systems for its public safety operations, you should
> consider the consequences of purchasing such mobile video
> surveillance systems from third parties that are not licensed under the
> Boykin patent. If your office purchases mobile video surveillance
> systems that are covered by the claims of the Boykin patent and that
> are not licensed under the Boykin patent, [you are] liable for patent
> infringement as a result of [your] use of such infringing mobile video
> surveillance systems. Infringement may subject [you] to an injunction
> against further use of the infringing mobile video surveillance systems
> and may result in an award of damages not less than a reasonable
> royalty, treble damages, attorney fees, and prejudgment interest.
> Moreover, Utility is entitled to collect damages directly from the user of
> the infringing mobile video surveillance systems leaving [you] left with
> whatever value any indemnity from the seller of the infringing mobile
> video surveillance systems might be worth if the seller does not have
> substantial financial resources.

4

> Therefore, in order to avoid the adverse consequences that may result from the purchase of infringing and unlicensed mobile surveillance systems, your office should consider purchasing its mobile video surveillance system needs from Utility.

Dk. 1, Exh. A. The letters were not sent to Plaintiff and are not alleged to have been sent to any of Plaintiff's customers in Kansas.

Thereafter, Plaintiff was contacted by concerned purchasing agents for two of its customers who had received such letters – one in the State of Nebraska and one in the State of New York. Plaintiff is obligated to indemnify these customers from any lawsuit for patent infringement. On October 25, 2013, eleven days after Defendant initially sent out some of these letters, Plaintiff filed this action asking the Court to declare that its products do not infringe Defendant's '556 Patent, or to equitably estop Defendant from enforcing that patent due to the "misleading conduct" of Defendant's predecessor-in-interest.

After Plaintiff filed this suit, it received feedback from some other customers about similar letters Defendant had sent. One received a letter from Defendant dated December 2, 2013, then sent Plaintiff an email attaching that letter and asking Plaintiff whether it was licensed under the '556 Patent or it had a reason why it didn't need to be. Dk. 15, Exh. K. In February of 2014, that customer sent Plaintiff another email saying that it could not process a purchase order for Plaintiff's products until it received a response to its December email. Another customer also received a letter from Defendant dated December 2, 2013. That customer had agreed "in late

2013" to purchase an order from Plaintiff by December 31, 2013, but thereafter expressed concerns with potential infringement and delayed its purchase from Plaintiff.

Plaintiff also alleges that its stock price took a marked dive beginning on October 23, 2013, due in significant part to its investors' knowledge of the Defendant's letter.

## II. Personal Jurisdiction

Defendant challenges both subject matter jurisdiction and personal jurisdiction. The Court chooses to first address the issue of personal jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (" … there is no mandatory sequencing of nonmerits issues … A court has leeway, to 'choose among threshold grounds for denying audience to a case on the merits ….' ") (internal citations omitted).

### A. Standard

Personal jurisdiction issues in declaratory judgment cases relating to patent infringement are determined under Federal Circuit law. *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009); *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed.Cir. 2003). Where, as here, no discovery has been conducted, the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. *Silent Drive,* 326 F.3d at 1201. Accordingly, the

Court construes the pleadings and affidavits in the light most favorable to the plaintiff. *Id.*

A United States district court may exercise personal jurisdiction over a defendant if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed.R.Civ.P. 4(k)(1)(A). The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the requirements of due process. *See Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324, 1329 (Fed.Cir. 2008). Because Kansas's long-arm statute is coterminous with due process limitations, *Marcus Food Co. v. DiPanfilo,* 671 F.3d 1159 (10th Cir. 2011), the personal jurisdiction issue in this case turns on whether the court's exercise of jurisdiction would be consistent with the requirements of due process.

### B. Specific Jurisdiction

Specific jurisdiction must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To satisfy due process requirements for establishing specific jurisdiction over a defendant, the plaintiff must show that the defendant purposely directed its activities at residents of the forum and that the plaintiff's claim arises from or relates to those activities. In addition, the plaintiff must satisfy the court that the

7

assertion of personal jurisdiction under the circumstances is reasonable and fair. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1363 (Fed.Cir. 2006).

In declaratory judgment actions, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction.

> In *Avocent Huntsville Corp.,* we explained that an action for a declaratory judgment "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit," and that the relevant inquiry for specific jurisdiction is "to what extent … the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities." 552 F.3d at 1332 (internal quotation marks and citations omitted). Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action. *Id.* at 1336; *accord Autogenomics,* 566 F.3d at 1020.

*Radio Systems Corp. v. Accession, Inc.,* 638 F.3d 785, 789-790 (Fed. Cir. 2011). Thus "only enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." *Autogenomics,* 566 F.3d at 1020, citing *Avocent Huntsville,* 552 F.3d at 1336.

Accordingly, where a patent holder's contacts within the state with a potential supplier are focused on generating a market for the patented product, not on enforcing or defending the particular patent, those contacts are insufficient for the exercise of specific personal jurisdiction in the state.

8

Defendant contends that the purpose of the 2011 meeting was "to discuss a business relationship unrelated to the '556 Patent," which it did not acquire until approximately 18 months later. Dk. 6 p. 3. Plaintiff contends that its digital video surveillance systems are the "very same systems for which [Defendant] was seeking a business partnership with [Plaintiff]" in 2011 and for which it is now threatening Plaintiff's customers with patent infringement. Dk. 15 p. 9.

The Court assumes the truth of Plaintiff's assertion above, yet the undisputed facts show that the communications between Plaintiff and Defendant in Kansas occurred long before Defendant acquired the '556 Patent, and were focused on the creation of a cooperative business arrangement to market products. Those contacts were of an entirely different nature than enforcement-related activities in the forum which could support specific jurisdiction.

The only other purposeful direction of Defendant's activities at residents of Kansas is Defendant's sales to five customers here, but Plaintiff does not allege that its claim arises from or relates to those activities.

Nor does Plaintiff rely on the letters in asserting personal jurisdiction over Defendant, as no evidence shows that any such letter was sent to anyone in Kansas. Yet even if the Court construed Defendant's letters as cease-and desist letters, and even had Defendant sent them to Plaintiff's customers in Kansas, that would alone be insufficient to subject Defendant

to personal jurisdiction in Kansas. *See Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1360 (Fed.Cir. 1998) (holding that three cease-and-desist notices sent by a patentee to an alleged infringing party in a different state are not sufficient to subject the patentee to specific jurisdiction in that state). As a matter of patent law policy, "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." 148 F.3d at 1360–61. Accordingly, no basis for specific jurisdiction has been shown.

### C. General Jurisdiction

Plaintiff also makes a cursory argument that this court has general jurisdiction over Defendant because Defendant has had "continuous and systematic general business contacts" with Kansas. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive,* 326 F.3d at 1200 (quoting *Helicopteros,* 466 U.S. at 416).

To meet its burden, Plaintiff relies in part on the fact that Defendant maintains a sales representative specifically covering Kansas. At the time this suit was filed, Defendant had one agent responsible for sales in

10

approximately 20 states, including Kansas, in the western region of the

United States. From January of 2011 through December of 2013, Defendant

sold its products to five customers in Kansas, amounting to 1.7% of

Defendant's total sales for that three-year period. This very small volume of

sales falls short of enough to support general jurisdiction. *See Campbell Pet*

*Co. v. Miale*, 542 F.3d 879, 881–884 (Fed.Cir. 2008) (finding 2%

insufficient).

Plaintiff also relies on Defendant's contacts with the Plaintiff in Kansas,

which consist largely of emails sent to Plaintiff in Kansas, and one personal

meeting in Kansas. But Defendant has no physical presence or license to do

business in Kansas, and none of the facts show that Defendant had more

contact with Kansas than the defendant in *Helicopteros* had with Texas—

repeated purchases and visits by personnel over a number of years. *See* 466

U.S. at 418, 104 S.Ct. 1868 (holding that "purchases, even if occurring at

regular intervals" were insufficient to establish general personal jurisdiction

over a nonresident corporation); *Campbell Pet Co.,* 542 F.3d at 881–884

(Fed.Cir. 2008) (finding no general jurisdiction from twelve sales yielding

about $14,000 in revenue over eight years, conference attendance in forum

where products were demonstrated and orders taken, and a generally

accessible website); *Grober v. Mako Products, Inc.*, 686 F 3d 1335, 1346

(Fed. Cir. 2012) (finding no general jurisdiction where defendant shipped

some product into forum state, exhibited products at a trade show there,

and placed an ad twice a year in a nationally distributed trade publication

based in the forum state, and listed on its website a contact in the forum

state). Rather, this "is a classic case of sporadic and insubstantial contacts

with the forum state, which are not sufficient to establish general jurisdiction

over the defendants in the forum." *Campbell Pet Co.,* 542 F.3d at 884.

## III. Subject Matter Jurisdiction

The court finds it unnecessary to address Defendant's assertion that

the court also lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Dk.

6) is granted based on lack of personal jurisdiction.

Dated this 9th day of April, 2014, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

## JUDGMENT IN A CIVIL CASE

**DIGITAL ALLY, INC.,**

> **Plaintiff,**

**v.**                                                     **CIVIL CASE: 13-2550-SAC**

**UTILITY ASSOCIATES, INC.,**

> **Defendant.**

**(   )   JURY VERDICT.**   This action came before the Court for a trial by jury.   The issues have been tried and the jury has rendered its verdict.

**( X )   DECISION BY THE COURT.**   This action came before the Court.   The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to memorandum and order, (Doc. 27) filed April 9, 2014, defendant's motion to dismiss (Doc. 6) is granted base on lack of personal jurisdiction.

Entered on the docket    4/9/14

Dated:   April 9, 2014                    **TIMOTHY M. O'BRIEN, CLERK**

                                         A "6uby"

                                         **By: Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| DIGITAL ALLY, INC., a Nevada corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-2550 SAC/KGS |
| ) | |
| UTILITY ASSOCIATES, INC., a Georgia ) | |
| company. ) | |
| ) | |
| Defendant. ) | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Declaratory Judgment Plaintiff, Digital Ally, Inc. ("Digital Ally") hereby appeals to the United States Court of Appeals for the Federal Circuit from:

1. The Memorandum and Order (Dkt. No. 27) granting Defendant, Utility Associates, Inc.'s Motion to Dismiss based on lack of personal jurisdiction, entered on April 9, 2014, which is attached hereto as Exhibit A, and from all related prior decisions and orders; and

2. The corresponding final judgment (Dkt. No. 28) entered in this action on April 9, 2014, attached hereto as Exhibit B.

Respectfully submitted,

Dated:  April 16, 2014                                   /s/   *Adam P. Seitz*
                                                 Adam P. Seitz, Kansas Bar # 21059
                                                 Eric A. Buresh, Kansas Bar # 19895
                                                 Paul R. Hart (*pro hac vice* to be filed)
                                                 Erise IP, P.A.
                                                 6201 College Blvd.
                                                 Suite 300
                                                 Overland Park, Kansas 66211
                                                 Telephone: (913) 777-5600
                                                 adam.seitz@eriseIP.com
                                                 eric.buresh@eriseIP.com
                                                 paul.hart@eriseIP.com

                                                 *Counsel for Plaintiff Digital Ally, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a
copy of this document pursuant to Fed. R. App. P. 3(d).

                                                    /s/   *Adam P. Seitz*
                                                 Adam P. Seitz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,

      Plaintiff,

v.                                                        No. 13-2550-SAC

UTILITY ASSOCIATES, INC.,

      Defendant.

MEMORANDUM AND ORDER

This declaratory judgment action relating to patent infringement comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction. Plaintiff opposes the motion. The Court has reviewed the parties' submissions, including Plaintiff's notice of supplemental authority and Defendant's response to it, and is prepared to rule.

**I. Facts**

Plaintiff is a Nevada corporation with its principal place of business in Kansas. Plaintiff sells advanced digital video systems to consumers, including law enforcement agencies, across the country. Plaintiff's products are designed for law enforcement vehicles and commercial fleets, such as ambulances and taxis. Defendant, incorporated in Delaware and having its principal place of business in Georgia, is a competitor of Plaintiff's. Defendant has no offices in Kansas and none of its employees or sales

agents reside here. Defendant is not registered to do business in Kansas, but sells some products to a few customers in Kansas.

U.S. Patent No. 6,831,556 (the '556 Patent), titled "Composite Mobile Digital Information System," was originally issued in December of 2004. It has been assigned 13 times, most recently to the Defendant. The claims of this Patent relate generally to a surveillance system for the storage and transmission of digital data.

Since March of 2006 Plaintiff has been selling products which use technology similar to that used in Defendant's products covered by the '556 Patent. When the '556 Patent was owned by Defendant's predecessor-in-interest, Plaintiff met with that owner to discuss Plaintiff's technology and possible joint ventures and/or acquisitions. Based on that predecessor's knowledge of Plaintiff's technology and its silence regarding any infringement, Plaintiff believed that the '556 Patent would not be asserted against its products so continued to manufacture and promote them through its nationwide sales and distribution channels.

Before Defendant was assigned the '556 Patent, the following contacts were made in Kansas regarding a potential joint business relationship between the parties:

- In November 2010, Defendant's president faxed a signed mutual non-disclosure agreement to Plaintiff's headquarters in Kansas.

2

- In April 2011, Defendant sent multiple emails to Plaintiff detailing the results of tests to integrate Defendant's product with Plaintiff's product.

- In August 2011, Defendant called Plaintiff to say that it had finished integrating the two products.

- In early September 2011, Defendant's new President sent multiple emails to Plaintiff explaining why it should resell Defendant's products as part of Plaintiff's mobile video surveillance systems.

- In September 2011, Defendant sent to Plaintiff a formal Letter of Understanding signed by Defendant's President.

- In October and November of 2011, Defendant sent sales quotes to Plaintiff for Plaintiff to use in sales pitches to two of its customers or potential customers.

- In October 2011, Defendant sent Plaintiff an email requesting a meeting in Kansas to discuss the business relationship.

- In November of 2011, two of Defendant's representatives came to Kansas and met with Plaintiff to discuss a potential joint business relationship between the parties. During this meeting, Defendant's employees gave a sales and technical presentation to Plaintiff's employees in Kansas. The meeting lasted less than 10 minutes, was unproductive, did not involve any discussion of

patent infringement or the '556 Patent, and did not result in any
business relationship between the parties. Shortly after that
visit, the parties ceased discussions regarding any potential joint
business relationship.

Defendant acquired the '556 Patent in June of 2013. On and after
October 14, 2013, Defendant's Chairman and CEO, a non-lawyer, sent
letters to some of its potential customers, some of whom were Plaintiff's
customers located outside Kansas. Those letters were substantially similar to
the following:

> Utility Associates, Inc. ("Utility") is the owner of Boykin United
> States Patent No. 6,831,556 (the "Boykin patent") (attached). The
> Boykin patent relates to mobile video surveillance systems and
> methods. Utility has successfully manufactured and sold a mobile
> video surveillance system that is covered by the Boykin patent.
> Consequently, the Boykin patent has enjoyed a high degree of
> commercial success, and a major mobile video surveillance system
> provider has already paid for a license under the Boykin patent.
>
> As your office considers the purchase of mobile video
> surveillance systems for its public safety operations, you should
> consider the consequences of purchasing such mobile video
> surveillance systems from third parties that are not licensed under the
> Boykin patent. If your office purchases mobile video surveillance
> systems that are covered by the claims of the Boykin patent and that
> are not licensed under the Boykin patent, [you are] liable for patent
> infringement as a result of [your] use of such infringing mobile video
> surveillance systems. Infringement may subject [you] to an injunction
> against further use of the infringing mobile video surveillance systems
> and may result in an award of damages not less than a reasonable
> royalty, treble damages, attorney fees, and prejudgment interest.
> Moreover, Utility is entitled to collect damages directly from the user of
> the infringing mobile video surveillance systems leaving [you] left with
> whatever value any indemnity from the seller of the infringing mobile
> video surveillance systems might be worth if the seller does not have
> substantial financial resources.

Therefore, in order to avoid the adverse consequences that may result from the purchase of infringing and unlicensed mobile surveillance systems, your office should consider purchasing its mobile video surveillance system needs from Utility.

Dk. 1, Exh. A. The letters were not sent to Plaintiff and are not alleged to have been sent to any of Plaintiff's customers in Kansas.

Thereafter, Plaintiff was contacted by concerned purchasing agents for two of its customers who had received such letters – one in the State of Nebraska and one in the State of New York. Plaintiff is obligated to indemnify these customers from any lawsuit for patent infringement. On October 25, 2013, eleven days after Defendant initially sent out some of these letters, Plaintiff filed this action asking the Court to declare that its products do not infringe Defendant's '556 Patent, or to equitably estop Defendant from enforcing that patent due to the "misleading conduct" of Defendant's predecessor-in-interest.

After Plaintiff filed this suit, it received feedback from some other customers about similar letters Defendant had sent. One received a letter from Defendant dated December 2, 2013, then sent Plaintiff an email attaching that letter and asking Plaintiff whether it was licensed under the '556 Patent or it had a reason why it didn't need to be. Dk. 15, Exh. K. In February of 2014, that customer sent Plaintiff another email saying that it could not process a purchase order for Plaintiff's products until it received a response to its December email. Another customer also received a letter from Defendant dated December 2, 2013. That customer had agreed "in late

5

2013" to purchase an order from Plaintiff by December 31, 2013, but thereafter expressed concerns with potential infringement and delayed its purchase from Plaintiff.

Plaintiff also alleges that its stock price took a marked dive beginning on October 23, 2013, due in significant part to its investors' knowledge of the Defendant's letter.

## II. Personal Jurisdiction

Defendant challenges both subject matter jurisdiction and personal jurisdiction. The Court chooses to first address the issue of personal jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (" ... there is no mandatory sequencing of nonmerits issues ... A court has leeway, to 'choose among threshold grounds for denying audience to a case on the merits ....' ") (internal citations omitted).

### A. Standard

Personal jurisdiction issues in declaratory judgment cases relating to patent infringement are determined under Federal Circuit law. *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009); *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed.Cir. 2003). Where, as here, no discovery has been conducted, the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. *Silent Drive,* 326 F.3d at 1201. Accordingly, the

Court construes the pleadings and affidavits in the light most favorable to the plaintiff. *Id.*

A United States district court may exercise personal jurisdiction over a defendant if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed.R.Civ.P. 4(k)(1)(A). The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the requirements of due process. *See Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324, 1329 (Fed.Cir. 2008). Because Kansas's long-arm statute is coterminous with due process limitations, *Marcus Food Co. v. DiPanfilo,* 671 F.3d 1159 (10th Cir. 2011), the personal jurisdiction issue in this case turns on whether the court's exercise of jurisdiction would be consistent with the requirements of due process.

### B. Specific Jurisdiction

Specific jurisdiction must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To satisfy due process requirements for establishing specific jurisdiction over a defendant, the plaintiff must show that the defendant purposely directed its activities at residents of the forum and that the plaintiff's claim arises from or relates to those activities. In addition, the plaintiff must satisfy the court that the

7

assertion of personal jurisdiction under the circumstances is reasonable and fair. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1363 (Fed.Cir. 2006).

In declaratory judgment actions, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction.

> In *Avocent Huntsville Corp.,* we explained that an action for a declaratory judgment "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit," and that the relevant inquiry for specific jurisdiction is "to what extent … the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities." 552 F.3d at 1332 (internal quotation marks and citations omitted). Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action. *Id.* at 1336; *accord Autogenomics,* 566 F.3d at 1020.

*Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785, 789-790 (Fed. Cir. 2011). Thus "only enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." *Autogenomics,* 566 F.3d at 1020, citing *Avocent Huntsville,* 552 F.3d at 1336.

Accordingly, where a patent holder's contacts within the state with a potential supplier are focused on generating a market for the patented product, not on enforcing or defending the particular patent, those contacts are insufficient for the exercise of specific personal jurisdiction in the state.

Defendant contends that the purpose of the 2011 meeting was "to discuss a business relationship unrelated to the '556 Patent," which it did not acquire until approximately 18 months later. Dk. 6 p. 3. Plaintiff contends that its digital video surveillance systems are the "very same systems for which [Defendant] was seeking a business partnership with [Plaintiff]" in 2011 and for which it is now threatening Plaintiff's customers with patent infringement. Dk. 15 p. 9.

The Court assumes the truth of Plaintiff's assertion above, yet the undisputed facts show that the communications between Plaintiff and Defendant in Kansas occurred long before Defendant acquired the '556 Patent, and were focused on the creation of a cooperative business arrangement to market products. Those contacts were of an entirely different nature than enforcement-related activities in the forum which could support specific jurisdiction.

The only other purposeful direction of Defendant's activities at residents of Kansas is Defendant's sales to five customers here, but Plaintiff does not allege that its claim arises from or relates to those activities.

Nor does Plaintiff rely on the letters in asserting personal jurisdiction over Defendant, as no evidence shows that any such letter was sent to anyone in Kansas. Yet even if the Court construed Defendant's letters as cease-and desist letters, and even had Defendant sent them to Plaintiff's customers in Kansas, that would alone be insufficient to subject Defendant

9

to personal jurisdiction in Kansas. *See Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.,* 148 F.3d 1355, 1360 (Fed.Cir. 1998) (holding that three cease-and-desist notices sent by a patentee to an alleged infringing party in a different state are not sufficient to subject the patentee to specific jurisdiction in that state). As a matter of patent law policy, "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." 148 F.3d at 1360–61. Accordingly, no basis for specific jurisdiction has been shown.

### C. General Jurisdiction

Plaintiff also makes a cursory argument that this court has general jurisdiction over Defendant because Defendant has had "continuous and systematic general business contacts" with Kansas. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive,* 326 F.3d at 1200 (quoting *Helicopteros,* 466 U.S. at 416).

To meet its burden, Plaintiff relies in part on the fact that Defendant maintains a sales representative specifically covering Kansas. At the time this suit was filed, Defendant had one agent responsible for sales in

10

approximately 20 states, including Kansas, in the western region of the United States. From January of 2011 through December of 2013, Defendant sold its products to five customers in Kansas, amounting to 1.7% of Defendant's total sales for that three-year period. This very small volume of sales falls short of enough to support general jurisdiction. *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 881–884 (Fed.Cir. 2008) (finding 2% insufficient).

Plaintiff also relies on Defendant's contacts with the Plaintiff in Kansas, which consist largely of emails sent to Plaintiff in Kansas, and one personal meeting in Kansas. But Defendant has no physical presence or license to do business in Kansas, and none of the facts show that Defendant had more contact with Kansas than the defendant in *Helicopteros* had with Texas— repeated purchases and visits by personnel over a number of years. *See* 466 U.S. at 418, 104 S.Ct. 1868 (holding that "purchases, even if occurring at regular intervals" were insufficient to establish general personal jurisdiction over a nonresident corporation); *Campbell Pet Co.,* 542 F.3d at 881–884 (Fed.Cir. 2008) (finding no general jurisdiction from twelve sales yielding about $14,000 in revenue over eight years, conference attendance in forum where products were demonstrated and orders taken, and a generally accessible website); *Grober v. Mako Products, Inc.*, 686 F 3d 1335, 1346 (Fed. Cir. 2012) (finding no general jurisdiction where defendant shipped some product into forum state, exhibited products at a trade show there,

11

and placed an ad twice a year in a nationally distributed trade publication based in the forum state, and listed on its website a contact in the forum state). Rather, this "is a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendants in the forum." *Campbell Pet Co.,* 542 F.3d at 884.

## III. Subject Matter Jurisdiction

The court finds it unnecessary to address Defendant's assertion that the court also lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Dk. 6) is granted based on lack of personal jurisdiction.

Dated this 9th day of April, 2014, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

## JUDGMENT IN A CIVIL CASE

**DIGITAL ALLY, INC.,**

                            **Plaintiff,**

v.                                                    **CIVIL CASE: 13-2550-SAC**

**UTILITY ASSOCIATES, INC.,**

                            **Defendant.**

**(  )    JURY VERDICT.**   This action came before the Court for a trial by jury.   The issues have been tried and the jury has rendered its verdict.

**( X )   DECISION BY THE COURT.**   This action came before the Court.   The issues have been considered and a decision has been rendered.

         **IT IS ORDERED AND ADJUDGED** that pursuant to memorandum and order, (Doc. 27) filed April 9, 2014, defendant's motion to dismiss (Doc. 6) is granted base on lack of personal jurisdiction.

Entered on the docket    4/9/14

**Dated:   April 9, 2014**              **TIMOTHY M. O'BRIEN, CLERK**

                                        A "6Uby
                                        **By: Deputy Clerk**